DEMBICKI *v.* MELIN.

1. WITNESSES—CROSS-EXAMINATION—TRIAL.
   Where plaintiff, in action for price of remodeling house for
   which no plans and specifications were furnished, had testi-
   fied that he represented to defendants that truss was suffi-
   cient support for upper floor, counsel for defendants, who
   claimed said construction was faulty, should have been al-
   lowed to cross-examine him as to his knowledge of matter.

2. APPEAL AND ERROR—CROSS-EXAMINATION—HARMLESS ERROR.
   Error in excluding cross-examination of plaintiff was not re-
   versible, where subject was fully covered by other witnesses
   and also by plaintiff in other portions of his cross-examina-
   tion.

3. SAME—EXPERT WITNESS—HARMLESS ERROR.
   Error in striking out portion of expert witness' testimony was
   not prejudicial, where he subsequently testified fully in re-
   gard to same matter.

4. SAME—IMPROPER REMARK BY COURT NOT PREJUDICIAL.
   Remark by court to counsel, who was objecting to admission
   of certain testimony, ''Will you keep still or take chloro-
   form?'' while improper, discourteous, and undignified, was
   not prejudicial.

Error to Wayne; Hunt (Ormond F.), J. Sub-
mitted April 10, 1929. (Docket No. 132, Calendar
No. 34,321.) Decided June 3, 1929.

Assumpsit by Joseph Dembicki against Frank B.
Melin and another to recover compensation for re-
modeling a house. From a judgment for plaintiff,
defendants bring error. Affirmed.

*August Cyrowski,* for appellants.

*Eugene D. Kirkby,* for appellee.

McDonald, J. The plaintiff is a building contractor. By oral agreement with the defendants, he undertook to remodel a house on their farm in Lapeer county, Michigan. There was no stated compensation. When the work was completed, the defendants refused to pay the balance claimed by the plaintiff. This suit was begun. In defense, the defendants claimed payment, accord and satisfaction, and the right to a set-off and recoupment for failing to complete the contract in a workmanlike manner. The plaintiff recovered a verdict and judgment for $2,400. The defendants have brought error.

Error is assigned on the ruling of the court in excluding the following testimony on cross-examination of the plaintiff:

"*Q.* The truss is resting on the center of the arch, is it not?

"*A.* Yes, sir.

"*Q.* Now, the truss will have only such bearing capacity as the strength of this arch line in the center of it? Yes or no? * * *

"*The Court:* Are you an engineer?

"*A.* No.

"*The Court:* I will exclude any further questions upon the ground that he is not an expert.

The plaintiff worked without plans and specifications. The upper story as he constructed it is supported by a wooden truss which the defendants claim is an unsafe and improper method of support. The plaintiff says that he represented to them that the truss was a sufficient support for the upper floor. He testified that it was safe. Counsel for the defendants should have been allowed to cross-examine him as to his knowledge of the matter. But while the court erred in excluding the testimony, we are not inclined to reverse the judgment for that reason.

The method of construction with special reference to the use of the truss was fully covered by the testimony of expert witnesses who were more capable of measuring the factor of safety. Moreover, the same subject was covered by the plaintiff in other portions of his cross-examination.

Error is claimed because the court struck out the following testimony of Leo H. Clark, an expert engineer called by the defendants to testify relative to the safety of the truss:

"The end reaction of this truss which carries the ceiling joist in the second floor and the second floor partition loads as well, comes down over an arch around between the living room and dining room in the ground story. This arch opening is six feet three wide, seven feet four, seven feet two. I can't tell that from my notes, approximately seven feet high. I found that it is not carrying the load. It is brought by the truss directly over this arched opening. A six by sixteen inch wood beam would carry it safely."

The court gave no reason for striking out this testimony. We know of none that he could have given. However, it was not to the defendants' prejudice, because the witness in subsequent portions of his testimony testified fully in regard to the same matter.

We do not deem it necessary to discuss other assignments relative to the exclusion of testimony. None of the rulings complained of constitutes reversible error.

Error is claimed because of prejudicial remarks by the court in addressing defendants' counsel. During the examination of a witness for the plaintiff, who was testifying to the safety of the truss work, Mr. Cyrowski, attorney for the defendants, made an objection:

"*Mr. Cyrowski:* Object to that. I do not think the witness has qualified as yet to express his opinion as to that.

"*The Court:* I don't know whether he is an engineer as to safety. He can say what he saw or inspected.

"*Mr. Cyrowski:* Your honor, please, when —

"*The Court:* Will you keep still or take chloroform?"

Mr. Cyrowski complains that the effect of this remark was to disparage him in the presence of the jury and prejudice the interests of his client. The record does not show that he was unduly persistent in urging his objection. There was no occasion for a display of impatience or irritation. No circumstances could justify the remark complained of. It was improper, discourteous, and undignified. Lawyers should have an opportunity to try their cases unhampered by the tyranny or levity of the bench. But while we disapprove of the court's remarks, we do not think it was in any way prejudicial to defendants' rights.

As to the charge of the court, we think no useful purpose would be served by a discussion of the errors alleged. While the language used in some instances constitutes near error, we think that, considered in its entirety, the charge fairly and correctly presented the issue to the jury.

It is our conclusion from a study of the entire record that in the disposition of this issue substantial justice has been done, and that the defendants have no just cause for complaint. The judgment is affirmed, with costs to the plaintiff.

North, C. J., and Fead, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.